UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

APR 1 0 2006

MICHAEL N. MILBY, CLERK OF COURT

JIM SANDT AND )
ROXANNE SANDT )
  )
V. )              NO. _____
  )                        Jury
ENERGY MAINTENANCE )
SERVICES GROUP LLC, ET AL. )

# H-06 -1179

## DEFENDANTS' NOTICE OF REMOVAL

1.  Energy Maintenance Services Group LLC, Energy Maintenance Services

Group I, LLC, Energy Maintenance Services Group [sued as "aka as well as all

successors and assigns of Hanover Measurement Services, Co. L.P. aka Energy

Maintenance Services Group I LLC aka Energy Maintenance Services Company, L.P.

aka EMS Pipeline Services LLC aka Energy Measurement Services Company, L.P.],

EMS Measurement Services, LP, EMS Pipeline Services LLC, Energy Maintenance

Services Co., LP, Arthur Robbins, Tim Nesler, Harvey Schnitzer, Sumner White and

Robert Rosen (all of these parties collectively referred to as "Defendants") are defendants

in a civil action created on March 10, 2006 by a severance order signed on that date in the

400th Judicial District Court of Fort Bend County, Texas styled Jim Sandt and Roxanne

Sandt v. Energy Maintenance Services Group LLC, et al. with a Cause Number of 05-

CV-145487-A.  The civil action that this lawsuit was severed from is Cause Number 05-

CV-145487 in the same court in Fort Bend County, Texas and is styled C/S Solutions,

Inc., et al. v. Energy Maintenance Services Group LLC, et al.  Pursuant to provisions of

28 U.S.C. Section 1441 and 1446 all of the Defendants remove this action (Cause

Number 05-CV-145487-A styled Jim Sandt and Roxanne Sandt v. Energy Maintenance Services Group LLC, et al. in the 400th Judicial District Court of Fort Bend County, Texas) to the United States District Court for the Southern District of Texas Houston Division which is the judicial district and division in which this action is pending.

2.   The grounds for removal of this action are:

(a)  This is a civil action in which the District Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States within the meaning of 28 U.S.C. Section 1331.

(b)  In particular, one of the principal claims for relief that the Plaintiffs are seeking in this action is a claim for injunctive relief to "...stop the Defendants from [allegedly] making illegal payments in violation of the securities laws of the United States and to enjoin Defendants from [allegedly] making false representations to induce investors to invest with them." Although it may not be artfully written, it appears from this allegation that the Plaintiffs are making a claim against the Defendants under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. Section 240.10b-5.

(c)  The other bases for relief asserted by the Plaintiffs in their action all arise out of the same set of facts and are part of the same case in controversy, so that this court has supplemental jurisdiction of them within the meaning of 28 U.S.C. Section 1367(a). Therefore, this is an action over which this court would have had original jurisdiction had it been filed initially in this

court, and removal to this court is proper under the provisions of 28 U.S.C. Section 1441(a).

3.   This Notice of Removal is timely under 28 U.S.C. Section 1446(b) because this action first became removable when Cause Number 05-CV-145487-A was created by the severance order signed by the state court judge on March 10, 2006.  Prior to this severance order, the allegations of the Plaintiffs were combined in the same lawsuit with totally unrelated claims that were made by a contractor (and its owners) of some of the Defendants over unpaid invoices that the contractor claimed should be paid to them by some of the Defendants.  The claims of this contractor (who were C/S Solutions, Inc., Gregory Young, David Galdamez and Earl Longoria) had nothing to do with investing in the Defendants' companies and had nothing to do with the claims of Jim Sandt and Roxanne Sandt and, therefore, were not so related to the claims made in the Sandts' action that they formed a part of the same case or controversy under Article III of the United States Constitution which would have given this court supplemental jurisdiction over those claims pursuant to 28 U.S.C. 1367(a).

4.   Pursuant to LR81 of the Local Rules of the United States District Court for the Southern District of Texas Defendants attached the following:

(a)  All executed process in Cause Number 05-CV-145487-A [there were none for this Cause Number so Defendants have attached the executed process from Cause Number 05-CV-145487];

(b)  Pleadings asserting causes of action and all answers to such pleadings [in Cause Number 05-CV-145487-A it is only the Plaintiffs' Second Amended

Petition and Defendants have attached all answers filed in Cause Number 05-CV-145487];

(c) All orders signed by the state judge in Cause Number 05-CV-145487-A;

(d) An index of matters being filed; and

(e) A list of all counsel of record including addresses, telephone numbers and parties represented.

FOR ALL OF THE ABOVE REASONS, Defendants file this Notice of Removal removing Cause Number 05-CV-145487-A styled Jim Sandt and Roxanne Sandt v. Energy Maintenance Services Group LLC, et al. in the 400th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas Houston Division.

Respectfully submitted,

By: _____

William H. Luck, Jr.
Attorney-in-Charge
Texas Bar # 12666450
Southern District of Texas # 6070
Two Allen Center, Suite 690
1200 Smith Street
Houston, Texas 77002-4308
(832) 366-1957
(713) 655-9035 (Fax)

ATTORNEY-IN-CHARGE
FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served by hand-delivery (commercial delivery service) to the following on April 10, 2006:

Mr. Lloyd Kelley     **By Hand Delivery (Commercial Delivery Service)**
2726 Bissonnet, Suite 240
PMB #12
Houston, Texas 77005

Ms. Glory Hopkins   **By Hand Delivery (Commercial Delivery Service)**
Fort Bend County District Clerk, First Floor Civil Filings
301 Jackson, Civil Filings 1st Floor
Richmond, Texas 77469

William H. Luck, Jr.

5

## INDEX OF MATTERS BEING FILED

a.   List of all counsel of record including addresses, telephone numbers and parties

represented.

b.   Pleadings asserting causes of action in Cause Number 05-CV-145487-A and
Answers filed in Cause Number 05-CV-145487:

c.   All executed process in the case [none for Cause Number 05-CV-145487-A but
attached are the executed process from Cause Number 05-CV-145487];

d.   All orders signed by the state judge in Cause Number 05-CV-145487-A;

e.   The docket sheet from Cause Number 05-CV-145487-A.

# **ATTACHMENT A**

Jim Sandt and Roxanne Sandt (Plaintiffs) both represented by:

Mr. Lloyd Kelley
Texas Bar No. 11203180
2726 Bissonnet, Suite 240
PMB #12
Houston, Texas 77005
Phone:  (281) 492-7766
Fax:  (281) 652-5973


Energy Maintenance Services Group LLC, Energy Maintenance Services Group I, LLC,
Energy Maintenance Services Group [sued as "aka as well as all successors and assigns
of Hanover Measurement Services, Co. L.P. aka Energy Maintenance Services Group I
LLC aka Energy Maintenance Services Company, L.P. aka EMS Pipeline Services LLC
aka Energy Measurement Services Company, L.P.], EMS Measurement Services, LP,
EMS Pipeline Services LLC, Energy Maintenance Services Co., LP, Arthur Robbins,
Tim Nesler, Harvey Schnitzer, Sumner White and Robert Rosen (Defendants) all
represented by:

William H. Luck, Jr.
Texas Bar No. 12666450
Southern District of Texas No. 6070
Two Allen Center
1200 Smith Street, Suite 690
Houston, Texas 77002-4308
Phone:  (832) 366-1957
Fax:  (713) 655-9035

# **ATTACHMENT B**

Cause No. 05-CV 145487

| | | |
|---|---|---|
| C/S SOLUTIONS, INC. | § | IN THE 400TH |
| Et.Al. | § | |
|     PLAINTIFF | § | |
| | § | JUDICIAL DISTRICT COURT OF |
| VS. | § | |
| | § | |
| ENERGY MAINTENANCE SERVICES | § | |
| GROUP LLC, ET. AL. | § | |
| | § | |
|     DEFENDANTS | § | FORT BEND COUNTY, TEXAS |

---

## PLAINTIFFS' SECOND AMENDED PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, C/S Solutions, Inc., Gregory Young, David Galdamez, Earl Longoria, Jim Sandt and Roxanne Sandt and would respectfully show the Court as follows:

I.   DISCOVERY AND REQUEST FOR DISCLOSURE

1.   Discovery is to be conducted under Level 2.  Plaintiffs hereby request each and every Defendant disclose the material or information requested or as described in Rule 194.2 (a) thru (g).

II.  PARTIES

1.   Plaintiff C/S Solutions is a Texas domestic corporation.

2.   Gregory Young is a Texas resident.

3.   David Galdamez is a Texas resident.



FILED

2005 DEC 16  PM 3: 26

CLERK DISTRICT COURT
FORT BEND CO., TX.

ENTERED
S. Hinojosa
Date DEC 19 2005

4.  Earl Longoria is a Texas resident.

5.  Jim Sandt is a Texas resident.

6.  Roxanne Sandt is a resident of Texas.

7.  Defendant Energy Maintenance Services Group I, LLC does business in Texas and may be served with process by serving their President Tim Nesler, or Art Robbins or Harvey Schnitzer or any officer or director of the company found at. EMS's principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027.  Already answered the lawsuit.

8.  Defendant Energy Maintenance Services Group LLC may be served with process by serving their President Tim Nesler, or Art Robbins or Harvey Schnitzer or any officer or director of the company found at. EMS's principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027. Already answered the lawsuit.

9.  Defendant Energy Maintenance Services Group aka as well as all successors and assigns of Hanover Measurement Services, Co. L.P. aka Energy Maintenance Services Group I LLC  aka Energy Maintenance Services Company, L.P. aka  EMS Pipeline Services LLC aka Energy Measurement Services Company, L.P. (hereinafter EMS) may be served with process by serving their President Tim Nesler, or Art Robbins or Harvey Schnitzer or any officer or director of the company found at. EMS's principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027.  Already answered the lawsuit.

10. Defendant EMS Measurement Services LP may be served with process by serving their President Tim Nesler or any officer of the company found at at 2100

Loop South, Suite 1450 Houston, Texas 77027.

11. Defendant EMS Pipeline Services LLC does business in Texas and may be served with process by serving their President Tim Nesler, or Art Robbins or Harvey Schnitzer or any officer or director of the company found at. EMS's principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027.

12. Defendant Energy Maintenance Services Co., LP may be served with process by serving their President Tim Nesler or any officer of the company found at at 2100 West Loop South, Suite 1450 Houston, Texas 77027.

13. Defendant Arthur Robbins, vice-president (an officer and director of EMS), may be served at his principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027. Already answered the lawsuit.

14. Defendant Tim Nesler, President and CEO, (an officer and director of EMS), may be served at his principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027. Already answered the lawsuit.

15. Defendant Harvey Schnitzer (an officer and director of EMS), may be served at his principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027. Already answered the lawsuit.

16. Defendant Sumner White (an officer and director of EMS), may be served at his principal place of business at 2100 West Loop South, Suite 1450 Houston, Texas 77027.

17. Defendant Robert Rosen is a resident of Harris County Texas and may be served with process at his office at 100 College St. Suite 3001, Cleveland, Texas or at 1102 Kingwood Drive Suite 204, Humble, Texas.

III. JURISDICTION AND VENUE

18. The Court has already obtained jurisdiction and venue as several Defendants have already answered.

IV. C/S Solutions, Inc., Gregg Young, David Galdamez and Earl Longoria's Complaint

19. In November 2001, Plaintiff C/S Solutions, Inc. entered into a contract with Hannover Measurement Services Co., L.P. (hereinafter HMS) for services related to the PGAS project. Specifically, Plaintiff C/S Solutions, Inc. agreed to provide qualified computer people to supplement the staffing of HMS in developing a new release of PGAS.

20. HMS was a joint partnership between Enron and Hannover Compressor. After Enron filed bankruptcy, the bankruptcy trustee sought to sell Enron's ownership interest in HMS. In February 2004, Defendant EMS purchased the Enron interest and then on March 2004 completed the acquisition of the Hannover Compressor interest becoming the sole owner of HMS. HMS was renamed Energy Maintenance Services or EMS.

21. EMS acquired the rights and obligations of the HMS entity including the contract with Plaintiff. Pursuant to the November 2004 contract, EMS continued to employ Plaintiff C/S Solutions to provide qualified personnel to assist them in developing the PGAS software for release of version "XM" or "6.1."

22. On March 15, 2004, Art Robbins as an officer of EMS, utilized the November 2001 contract to give 30 days notice of its termination.

23. On March 19, 2004 or thereabouts, Art Robbins met with Plaintiff Gregory Young, Earl Longoria, and David Galdamez and requested that they submit a bid for the completion of the PGAS project.   At that time, Plaintiff C/S Solutions had already submitted invoices which had not been paid.  When questioned about the unpaid invoices, Art Robbbins told Plaintiffs that there was no problem with the work and he had already authorized the invoices for payment.

24. Prior to April 15, 2004 termination, Art Robbins had requested Plaintiffs to spend time and effort that was not to be compensated by the company developing proposals for a bid to finish the PGAS project.

25. On April 15, 2004, the November 2001 contract terminated and Plaintiff C/S Solutions contract employees went home.  That evening, Art Robbins called Plaintiff Gregg Young and told him that he could not have the work stopped and needed the C/S Solutions people to return.  Gregory Young insisted on a new agreement in writing since Art Robbins had terminated the prior agreement in writing.

26. On April 16, 2004, Art Robbins, Gregory Young, Earl Longoria and David Galdamez met and discussed an "extension agreement."  Art Robbins was questioned about the problems encountered in getting paid on prior invoices. Again, Art Robbbins repeated that there was no problem with their work and that there would be no problem with them getting paid.

27. At that time, Art Robbins had sitting on his desk a C/S Solutions invoice for which he never intended to pay.  Art Robbins never mentioned to them not paying any invoices or withholding any pay.

28. Art Robbins was told that the rates for just an extension would not be at the previously discounted rates but rather would be at the standard rates of the company.  Therefore, when Plaintiffs questioned Art Robbins about whether they had a chance to get a "bid" to finish the project, Art Robbins told them they were absolutely being considered, that no decision had been made and that they clearly were the logical choice.  Art Robbins even convinced Plaintiffs the extension was necessary because he needed more time to consider the "bids."  All of this was false.

29. Plaintiffs spent time developing proposals under a fraudulent promise for which they have never been compensated.

30. Pursuant to that agreement, and any supplements, amendments or extensions, invoices totaling $92,423.00 had been sent to Defendant EMS which remains unpaid.  The present action is founded upon a written contract and upon the business dealings between the parties and is for labor furnished on which a systematic record was kept.

31. All conditions precedent have been performed to permit collection of the unpaid amounts.  Demand was made for payment on several occasions and Defendants have refused payment.  All conditions precedent have been met.  Plaintiff has made proper demand and seeks attorney fees  pursuant to CPRC .

32. On March 15, 2004, Defendant Art Robbins, on behalf of EMS, and with the knowledge and approval, Tim Nesler, terminated Plaintiff's contract with 30 days notice.  Upon the expiration of the 30 days, Plaintiff had its contract employees leave at the end of the business day.  Defendant Robbins then contacted Plaintiff

and requested the contract employees return.  On April 16, 2004, Defendant Robbins, with the full knowledge of Defendant Nesler, and Defendant Harvey Schnitzer induced Plaintiff into a two week extension.  Defendants Nesler and Robbins and Schnitzer had conspired to defraud Plaintiff.  Plaintiff had the contract employees return the following Monday and they worked until April 30, 2004 at which time Defendant Robbins informed Plaintiff they were awarding the "bid" to Accenture.  In fact, Art Robbins stated there was no problem with the work and requested that Plaintiff David Galdemez stay and work for a few more weeks.

33. Defendants had no intention of paying for the work they induced Plaintiffs to perform and in fact tried to withhold payments already sent dating back to February 2004.

34. No complaint was ever made about the work performed under the contract until after April 30, 2004 when Plaintiff demanded payment.  Defendant Robbins and Defendant Nesler made up frivolous reasons to avoid paying the invoices.  Neither intended to ever fully pay the amount owed.

35. In addition to breach of contract, Defendants did not intend to pay Plaintiff for the two week extension and fraudulently induced Plaintiff into the agreement.  Plaintiff seeks fraud damages wherein it was induced to perform when Defendants lied and were not intending to honor their promises. In addition, Defendants were holding invoices when the two week extension was signed that they had no intention of paying.  In fact, Defendants conspired and never intended to fully pay Plaintiff all sums due after Robbins gave the 30 day notice under

contract. Defendants wanted the services provided by Plaintiff but never intended to fully pay for said services.

36. Further, Defendants EMS and Tim Nesler and Art Robbins and Harvey Schnitzer conspired to commit fraud against Plaintiffs.

37. Plaintiffs have suffered actual damages of $92,423.00 for the unpaid invoices plus the difference in the amount that would have been charged during the extension that was not charged because of Art Robbins false inducement and for the amount of time spent preparing the proposals that Defendants had no intention of considering plus the out of pocket expenses that were expended in creating the proposals and the time lost due to efforts to resolve the unpaid bills before the start of the lawsuit and for all time lost as a result of the collection effort.

38. Art Robbins informed Tim Nesler on April 14, 2004 of his plan not to pay Plaintiffs for the work he knew he would be inducing Plaintiffs to perform.

39. As of May 26, 2004, Tim Nesler was commenting to Art Robbins that he should "stick it to them" which he acknowledge meant "screw them."

40. Plaintiff seeks punitive damages for Defendants fraud and acts of malice in conspiring to injure Plaintiff. If Defendant plead or seek to impose the Damages Cap of CPRC ch. 41, then Plaintiffs assert that CRPC ch. 31 exception applies.

41. Plaintiff also pursues a cause of action against EMS, Art Robbins, Tim Nesler and Harvey Schnitzer under the Texas Civil Theft Liability statute.

The Sandt Plaintiffs' Complaint

42. On or about March 2003, Tim Nesler met with Jim and Roxanne Sandt (hereinafter "the Sandt Plaintiffs") to form a partnership with the purpose of acquiring an asset.

that was being disposed of by Enron and Hannover Measurement Co. called Hannover Measurement Services (hereinafter HMS). The Sandts made a capital contribution and Jim Sandt contributed "sweat equity" to the partnership.

43. In November 2003, Tim Nesler contacted Jim and Roxanne Sandt and implored them to make a capital contribution to enable the partnership to move forward with the acquisition of HMS. Tim Nesler represented to the Sandt's they would be considered founding partners and would have an equal ownership interest in the partnership and in the entity they were forming to acquire the HMS interest. Relying upon these representations, the Sandt's made a capital contribution to the partnership that now included Tim Nesler, Jim Sandt, Art Robins and Sumner White. The representation at the time was that the four founding partners would maintain equal ownership in whatever company was formed.

44. On December 11, 2003, the partnership formed a limited liability company to enable them to acquire the partnership interest of Enron and Hannover Compressor Co.. At that time, the four founding partners had equal ownership and interest in the company. Within a few days, Tim Nesler, Art Robbins, Sumner White and Harvey Schnitzer conspired to take the Sandt's ownership interest.

45. Later, Tim Nesler, Art Robbins, Harvey Schnitzer and Sumner White conspired to oppress the minority interest of the Sandts. The conspirators diluted the ownership interest of the Sandts without their knowledge or consent. Tim Nesler made the lame excuse that he had attempted to five the Sandts notice by mail even though he had seen Jim Sandt on the 11th and claims he met on December 19.

2003 to alter the ownership percentages.   Upon information and belief, Defendants also diluted other shareholders interest to enhance their own interest.

46. Defendants Tim Nesler, Art Robbins, Sumner White and Harvey Schnitzer then proceeded to take the Sandts' interest and shares and distribute to themselves.  No additional capital contribution was paid for such redistribution of Plaintiffs' shares.   Defendants claimed "sweat equity" despite the fact they had never disclosed such a bold plan of theft and deceit.

47. Defendants raised $10 million from investors that included a large contribution from colleagues and friends of Dr. Rosen.  This group was called the "Kingwood Group."

48. At some point in time, Tim Nesler, Art Robins, Harvey Schnitzer and Sumner White used partnership/corporate funds to make an illegal payment to Robert Rosen.  Mr.Rosen,who is not a licensed securities dealer or broker, was paid a $50,000 fee for his effort in obtaining investor financing.  Said payment was illegal and constituted a waste of partnership/corporate assets.  Plaintiffs sue on their on behalf and on behalf of all investors to recover said funds and all fees necessary to protect the partnership/corporate assets.

49. Defendants also engaged in publishing intentionally false information to investors that was designed to induce individuals like Plaintiffs to invest in said security interest.

50. Defendants used the talent, capital and experience of Plaintiffs to make an acquisition worth $50 million to $60 million.  Using the talent and experience of Plaintiffs. Defendants acquired said valuable asset for only approx. $10 mill

Each founding partner was to have an approx. 18 % ownership interest in the company that had a net present value of approx. $40 - $50 million. Defendants then seized an opportunity to simply take 14% of Plaintiffs' ownership interest.

51. When Plaintiffs spoke to Tim Nesler about the problem, Tim Nesler offered to buy Plaintiffs interest for his own account with the condition that Plaintiffs not disclose any such sale to any other investor. Tim Nesler, CEO of HMS, is actively engaged in self dealing for his own part in opposition to the company, his partners and his investors.

52. Defendants have engaged in fraud, fraud in the inducement, statutory fraud (27.01), breach of partnership agreement, breach of contract, negligent misrepresentation, and deprivation of minority shareholders interest and engaged in a conspiracy to commit said acts.

53. The Sandt Plaintiffs request and accounting of the partnership and all of its assets and moves for a formal dissolution of said partnership and its assets. As equal partners, with Tim Nesler acting as the general partner, Defendants owed Plaintiffs a fiduciary duty to place the Plaintiffs interest in highest regard. Instead, Defendants carved up Plaintiffs' ownership interest like vultures with the only consideration their own private gain.

54. The Sandt Plaintiffs seek injunctive relief to stop the Defendants from making illegal payments in violation of the securities laws of the United States and to enjoin Defendants from making false representations to induce investors into investing with them.

55. The Sandt Plaintiffs seek relief under the common law of Texas related to fraud

fraud in the inducement and negligent misrepresentation.

56. The Sandt Plaintiffs sue for breach of a partnership agreement and/or breach of an agreement.  All conditions precedent to filing such action has been performed.

57. The Sandt Plaintiffs seek relief under 27.01/statutory fraud in that the fraud involved a stock transaction.

58. The Sandt Plaintiffs seek relief under the Texas Partnership Act.

59. The Sandt Plaintiffs seek relief under the laws of Delaware as to the oppression of minority shareholder's interest.

60. Defendants have violated their fiduciary duty they owed to their partners the Sandts.  As such, they are subject to actual, consequential and punitive damages.

61. Plaintiffs seek attorney fees under C.P.R.C. and under 27.01 and pursuant to the Texas Partnership Act.

62. Plaintiffs seek punitive damages for Defendants' acts of fraud and malice.

63. Plaintiffs seek actual, consequential and punitive damages.

64. The Sandt Plaintiffs also seek disgorgement of all profits made by the partners in breach of their fiduciary duty to Plaintiffs.

65. In the alternative, Plaintiffs seek damages for negligence misrepresentation.

66. In the alternative, Plaintiffs under the declaratory judgment statute seek determination as to their rights and ownership interests

### PRAYER

WHEREFORE, Plaintiffs pray the Defendants answer herein and request the Court

award to Plaintiff:

1.  Judgment against Defendants, jointly and severally, for actual damages;

2.  Judgment against Defendants, jointly and severally, for compensatory damages;

3.  Judgment against Defendants, jointly and severally, for consequential damages;

4.  Judgment against Defendants, jointly and severally, for lost income and lost profits;

5.  Judgment against Defendants, individually, for exemplary damages in an amount to be determined by the trier of fact;

6.  pre-judgment and post-judgment interest at the rate allowed by law until paid;

7.  reasonable and necessary attorney fees incurred for investigation and prosecution of this case;

8.  cost of court;

9.  declaratory and injunctive relief; and

10. such further relief at law or in equity to which Plaintiff may be by this pleading show itself justly entitled.

Respectfully submitted

LLOYD KELLEY & ASSOCIATES

By: _____

LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet, Suite 240,
PMB#12
Houston, Texas  77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
COUNSEL FOR PLAINTIFFS

Certificate of Service

I certify a true & correct copy was
sent pursuant to [illegible] this Dec. 16, 2005.

I, Glory Hopkins, District Clerk of Fort Bend
County, Texas, do hereby certify that the
foregoing is a true, correct and full copy of the
instrument herein set out as appears of record in
the District Court of Fort Bend County, Texas.
This 3 day of April 2006
GLORY HOPKINS, DISTRICT CLERK
By Susan Halstead Deputy

SUSAN HALSTEAD

## WILLIAM H. LUCK, JR.
### ATTORNEY AT LAW

William H. Luck, Jr. * ·  Two Allen Center, Suite 690  Telephone: (832) 366-1957
         1200 Smith Street    Facsimile : (713) 655-9035
         Houston, Texas 77002-4308

\* Board Certified - Civil Trial Law
 and Personal Injury Trial Law
 Texas Board of Legal Specialization

November 9, 2005

Ms. Glory Hopkins **By Hand Delivery**
Fort Bend County District Clerk
301 Jackson, Civil Filings 1st Floor
Richmond, Texas 77469

Re: Cause No. 05-CV-145487;  C/S Solutions, Inc., et al. v. Energy Maintenance
   Services Group LLC, et al.; In the 400th Judicial District Court of Fort Bend
   County, Texas

Dear Ms. Hopkins:

  Enclosed for filing is the Answer of the Defendants along with my check in the amount of $30.00 for the jury fee.

Sincerely,

William H. Luck, Jr.

Cc: Mr. Lloyd Kelley **By Certified Mail**
   2726 Bissonnet, Suite 240
   PMB #12
   Houston, Texas 77005

CAUSE NO. 05-CV-145487

| | |
|---|---|
| C/S SOLUTIONS, INC., ET AL. | § IN THE DISTRICT COURT |
| | § |
| | § |
| VS. | § FORT BEND COUNTY, TEXAS |
| | § |
| ENERGY MAINTENANCE SERVICES | § |
| GROUP LLC, ET AL. | § 400TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Energy Maintenance Services Group LLC, Energy Maintenance Services Group [sued as "aka as well as all successors and assigns of Hanover Measurement Services, Co. L.P. aka Energy Maintenance Services Group I LLC aka Energy Maintenance Services Company, L.P. aka EMS Pipeline Services LLC aka Energy Measurement Services Company, L.P."], EMS Measurement Services LP, Arthur Robbins, Tim Nesler and Harvey Schnitzer (all of these parties collectively referred to as "Defendants") file this their original answer to the Plaintiffs' Original Petition filed by C/S Solutions, Inc., Gregg Young, David Galdamez and Earl Longoria (all of these collectively referred to as "Plaintiffs") and would show as follows:

I.

Defendants assert a general denial and request that the Court require the Plaintiffs to prove their allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

II.

Pleading further, Defendants would show that all of the Plaintiffs' claims are barred by res judicata and/or collateral estoppel based on the judgment in the lawsuit bearing Cause Number 818096 in the County Civil Court at Law Number Two of Harris County, Texas.

III.

Pleading further, Defendants would show that Gregg Young, David Galdamez and Earl Longoria lack standing to bring this lawsuit in their individual capacities.

IV.

In the alternative, Defendants file this Plea in Abatement and would show that the County Civil Court at Law Number Two of Harris County, Texas is the Court with dominant jurisdiction per *Mower v. Boyer*, 811 S.W.2d 560 at 563 (Tex. 1991) and Defendants ask that this lawsuit be dismissed pursuant to the principles set forth by the Supreme Court of Texas in the *Mower* decision.

<u>JURY DEMAND</u>

Defendants request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by this suit, and that Defendants be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

By: _____

William H. Luck, Jr.
TB# 12666450
Two Allen Center
1200 Smith Street, Suite 690
Houston, Texas 77002-4308
(832) 366-1957
(713) 655-9035 (Fax)
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served (by the method indicated below) on this the ____ day of November 2005 to the following:

Mr. Lloyd Kelley
2726 Bissonnet, Suite 240
PMB #12
Houston, Texas 77005

_____

William H. Luck, Jr.

CAUSE NO. 05-CV-145487

| | |
|---|---|
| C/S SOLUTIONS, INC., ET AL. | § IN THE DISTRICT COURT |
| | § |
| | § |
| VS. | § FORT BEND COUNTY, TEXAS |
| | § |
| ENERGY MAINTENANCE SERVICES | § |
| GROUP LLC, ET AL. | § 400TH JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Energy Maintenance Services Group LLC, Energy Maintenance Services Group [sued as "aka as well as all successors and assigns of Hanover Measurement Services, Co. L.P. aka Energy Maintenance Services Group I LLC aka Energy Maintenance Services Company, L.P. aka EMS Pipeline Services LLC aka Energy Measurement Services Company, L.P."], EMS Measurement Services LP, Arthur Robbins, Tim Nesler and Harvey Schnitzer (all of these parties collectively referred to as "Defendants") file this their first amended original answer to the Plaintiffs' Original Petition filed by C/S Solutions, Inc., Gregg Young, David Galdamez and Earl Longoria (all of these collectively referred to as "Plaintiffs") and would show as follows:

I.

Defendants assert a general denial and request that the Court require the Plaintiffs to prove their allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

II.

Pleading further, Defendants would show that all of the Plaintiffs' claims are barred by res judicata and/or collateral estoppel based on the judgment in the lawsuit bearing Cause Number 818096 in the County Civil Court at Law Number Two of Harris County, Texas.

III.

There is another lawsuit pending in this State between C/S Solutions, Inc. and Energy Maintenance Services Group LLC, Energy Maintenance Services Group I LLC, EMS Pipeline Services LLC, EMS Measurement Services Company LP, Tim Nesler and Arthur Robbins.

IV.

Pleading further, Defendants would show that Gregg Young, David Galdamez and Earl Longoria lack standing to bring this lawsuit in their individual capacities. In this regard, the agreement that forms the basis of their claim was with C/S Solutions, Inc. and not with Gregg Young, David Galdamez and/or Earl Longoria individually.

V.

In the alternative, Defendants file this Plea in Abatement and would show that the County Civil Court at Law Number Two of Harris County, Texas is the Court with dominant jurisdiction per *Mower v. Boyer*, 811 S.W.2d 560 at 563 (Tex. 1991) and Defendants ask that this lawsuit be dismissed pursuant to the principles set forth by the Supreme Court of Texas in the *Mower* decision.

## JURY DEMAND

Defendants request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by this suit, and that Defendants be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

By: _____

William H. Luck, Jr.
TB# 12666450
Two Allen Center
1200 Smith Street, Suite 690
Houston, Texas 77002-4308
(832) 366-1957
(713) 655-9035 (Fax)
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served (by the method indicated below) on this the ___10___ day of November 2005 to the following:

Mr. Lloyd Kelley    **By Certified Mail**
2726 Bissonnet, Suite 240
PMB #12
Houston, Texas 77005

_____
William H. Luck, Jr.

### Verification

Before me the undersigned notary public personally appeared Tim Nesler and testified that the matters stated in paragraphs III and IV above are true and correct.



Tim Nesler

11/11/05

Date

Sworn to and Subscribed before me by *Tim Nesler* on this 11th day of *November* 2005.

*Deborah G. Gower*

Notary Public in and for the State of
Texas

DEBORAH G. GOWER
MY COMMISSION EXPIRES
June 13, 2009

## Verification

Before me the undersigned notary public personally appeared Arthur Robbins and testified that the matters stated in paragraphs III and IV above are true and correct.

_____
Arthur Robbins

_____
11 / 11 / 05
Date

Sworn to and Subscribed before me by *Art Robbins* on this *11th* day of *November* 2005.

*Deborah G. Gower*

Notary Public in and for the State of
Texas



DEBORAH G. GOWER
MY COMMISSION EXPIRES
June 13, 2009

## Verification

Before me the undersigned notary public personally appeared Harvey Schnitzer both individually and on behalf of the corporate defendants in this case and testified that the matters stated in paragraphs III and IV above are true and correct.

_____

Harvey Schnitzer

_____

Date

Sworn to and Subscribed before me by Harvey Schnitzer this 11th day of November 2005.

_____

Notary Public in and for the State of

Texas

DEBORAH G. GOWER
MY COMMISSION EXPIRES
June 13, 2009

**WILLIAM H. LUCK, JR.**
ATTORNEY AT LAW

William H. Luck, Jr. *        Two Allen Center, Suite 690        Telephone: (832) 366-1957
                             1200 Smith Street                  Facsimile : (713) 655-9035
                             Houston, Texas 77002-4308

\* Board Certified - Civil Trial Law
  and Personal Injury Trial Law
  Texas Board of Legal Specialization

February 3, 2006



Ms. Glory Hopkins   **By FedEx and U.S. Mail**
Fort Bend County District Clerk
301 Jackson, Civil Filings 1st Floor
Richmond, Texas 77469

Re:   Cause No. 05-CV-145487;  C/S Solutions, Inc., et al. v. Energy Maintenance
      Services Group LLC, et al.; In the 400th Judicial District Court of Fort Bend
      County, Texas

Dear Ms. Hopkins:

      Enclosed for filing is Sumner White's Motion to Transfer Venue and – Subject to
this Motion – his Original Answer.

Sincerely,

William H. Luck, Jr.

Cc:   Mr. Lloyd Kelley   **By Fax:  (281) 652-5973 (4 pages)**
      2726 Bissonnet, Suite 240
      PMB #12
      Houston, Texas 77005

CAUSE NO. 05-CV-145487

| | |
|---|---|
| C/S SOLUTIONS, INC., ET AL. | § IN THE DISTRICT COURT |
| | § |
| | § |
| VS. | § FORT BEND COUNTY, TEXAS |
| | § |
| ENERGY MAINTENANCE SERVICES | § |
| GROUP LLC, ET AL. | § 400TH JUDICIAL DISTRICT |

## **DEFENDANT'S MOTION TO TRANSFER VENUE AND – SUBJECT TO THIS MOTION – HIS ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Sumner White ("White") pursuant to Rule 86 of the Texas Rules of Civil Procedure files this Motion to Transfer Venue and would show as follows:

1.     This action should be transferred to Harris County, Texas (which is the county of proper venue) because:

    a)   The county in which this case is currently pending (Fort Bend County, Texas) is not a proper county pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because neither all nor a substantial part of the allegations giving rise to Jim and Roxanne Sandts' claims occurred in Fort Bend County and Fort Bend County was not the county of White's residence at the time that the alleged cause of action of Jim and Roxanne Sandt accrued.

    b)   White requests that this case be transferred to Harris County, Texas which is the county in which all or a substantial part of Jim and Roxanne Sandt's alleged causes of action occurred and is the county of White's residence at the time that Jim and Roxanne Sandt's alleged causes of action accrued.

2006 FEB 10 PH 2: 03

CLERK DISTRICT COURT
FORT BEND CO., TX

c) As an additional basis for transferring venue in this case to Harris County, White would show that on the same date that the Sandt claims were made in this lawsuit, the Sandts filed a lawsuit in Harris County alleging almost verbatim the same claims that they have made in this lawsuit – but the lawsuit in Harris County was filed earlier in the day than this lawsuit. The Harris County lawsuit is Cause Number 2005-79286, *Jim Sandt and Roxanne Sandt v. Tim Nesler, et al.* in the 164th District Court of Harris County, Texas.

2.      Subject to the Motion to Transfer Venue, White asserts a general denial and requests that the Court require the Plaintiffs to prove their allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

<u>JURY DEMAND</u>

White requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, White prays that his Motion to Transfer Venue be granted and that – subject to this motion - Plaintiffs take nothing by this suit, and that White be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which White may show himself justly entitled.

Respectfully submitted,

By: _____

William H. Luck, Jr.
TB# 12666450
Two Allen Center
1200 Smith Street, Suite 690
Houston, Texas 77002-4308
(832) 366-1957
(713) 655-9035 (Fax)
ATTORNEY FOR
SUMNER WHITE

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served (by the method indicated below) on this the 3rd day of February 2006 to the following:

Mr. Lloyd Kelley    **By Fax:  (281) 652-5973**
2726 Bissonnet, Suite 240
PMB #12
Houston, Texas 77005

_____

William H. Luck, Jr.

## WILLIAM H. LUCK, JR.
### ATTORNEY AT LAW

William H. Luck, Jr. *          Two Allen Center, Suite 690          Telephone: (832) 366-1957
                                1200 Smith Street                   Facsimile : (713) 655-9035
                                Houston, Texas 77002-4308

\* Board Certified - Civil Trial Law
  and Personal Injury Trial Law
  Texas Board of Legal Specialization

February 10, 2006

Ms. Glory Hopkins   **By Hand Delivery**
Fort Bend County District Clerk
301 Jackson, Civil Filings 1st Floor
Richmond, Texas 77469

Re:     Cause No. 05-CV-145487;  C/S Solutions, Inc., et al. v. Energy Maintenance
        Services Group LLC, et al.; In the 400th Judicial District Court of Fort Bend
        County, Texas

Dear Ms. Hopkins:

        Enclosed for filing is Robert Rosen's Motion to Transfer Venue and – Subject to
this Motion – his Original Answer as well as my check in the amount of $35.00 for the
filing fee for the Motion to Transfer Venue.

Sincerely,

William H. Luck, Jr.

Cc:   Mr. Lloyd Kelley   **By Fax:  (281) 652-5973 (4 pages)**
      2726 Bissonnet, Suite 240
      PMB #12
      Houston, Texas 77005

      Robert T. Rosen, M.D.
      1102 Kingwood Drive, Suite 204
      Kingwood, Texas 77339

CAUSE NO. 05-CV-145487

| | |
|---|---|
| C/S SOLUTIONS, INC., ET AL. | § IN THE DISTRICT COURT |
| | § |
| | § |
| VS. | § FORT BEND COUNTY, TEXAS |
| | § |
| ENERGY MAINTENANCE SERVICES | § |
| GROUP LLC, ET AL. | § 400TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO TRANSFER VENUE AND – SUBJECT TO THIS MOTION – HIS ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Robert Rosen ("Rosen") pursuant to Rule 86 of the Texas Rules of Civil Procedure files this Motion to Transfer Venue and would show as follows:

1. This action should be transferred to Harris County, Texas (which is the county of proper venue) because:

    a) The county in which this case is currently pending (Fort Bend County, Texas) is not a proper county pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because neither all nor a substantial part of the allegations giving rise to Jim and Roxanne Sandt's claims occurred in Fort Bend County and Fort Bend County was not the county of Rosen's residence at the time that the alleged cause of action of Jim and Roxanne Sandt accrued.

    b) Rosen requests that this case be transferred to Harris County, Texas which is the county in which all or a substantial part of Jim and Roxanne Sandt's alleged causes of action occurred and is the county of Rosen's residence at the time that Jim and Roxanne Sandt's alleged causes of action accrued.

c) As an additional basis for transferring venue in this case to Harris County, Rosen would show that on the same date that the Sandt claims were made in this lawsuit, the Sandts filed a lawsuit in Harris County alleging almost verbatim the same claims that they have made in this lawsuit – but the lawsuit in Harris County was filed earlier in the day than this lawsuit. The Harris County lawsuit is Cause Number 2005-79286, *Jim Sandt and Roxanne Sandt v. Tim Nesler, et al.* in the 164th District Court of Harris County, Texas.

2. Subject to the Motion to Transfer Venue, Rosen asserts a general denial and requests that the Court require the Plaintiffs to prove their allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

JURY DEMAND

Rosen requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Rosen prays that his Motion to Transfer Venue be granted and that – subject to this motion - Plaintiffs take nothing by this suit, and that Rosen be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which Rosen may show himself justly entitled.